IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | | |
|---|---|---|
| YAMAHA MOTOR CORPORATION, U.S.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| METRO RACING, INC., | § § | JURY DEMAND |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Yamaha Motor Corporation, U.S.A. ("YMUS"), for its Complaint against Defendant, Metro Racing, Inc. ("Metro Racing"), by and through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of this civil action pursuant to 15 U.S.C. §§ 1051 *et seq.* (action arising under the Lanham Act), 28 U.S.C. § 1338(a) (act of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent jurisdiction).

2.    This Court has personal jurisdiction over Metro Racing because Metro Racing resides within this District and has committed acts of unfair competition on

1

a nationwide scale and in this District.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Metro Racing resides within this District.

## NATURE OF THE ACTION

4.    In this action, YMUS seeks injunctive relief and damages against Metro Racing because of Metro Racing's unlawful use of certain Yamaha trademarks.

5.    More specifically, Metro Racing has used the YAMAHA mark and the Crossed Tuning Fork design mark on apparel and related accessories without authorization. Metro Racing's unauthorized used of these trademarks constitutes unfair competition and false designation of origin under the Lanham Act and unfair competition under the laws of the State of Pennsylvania.

## THE PARTIES

6.    YMUS is a California corporation with its principal place of business in Cypress, California.

7.    Upon information and belief, Metro Racing is a Pennsylvania corporation with a registered office address of 224 Park Ave., West Bristol, Pennsylvania, 19001-0, a mailing address of RR1, Box 1009, Brackney, Pennsylvania 18812, and a principal place of business at 3828 Quaker Lake Road, Brackney, PA 18812-8124. Metro Racing may be served through its president,

2

Peg Miller, at its addresses listed above.

## STATEMENT OF FACTS UNDERLYING ALL CAUSES OF ACTION

8.     YMUS is a wholly-owned subsidiary of Yamaha Motor Company,

Ltd. (collectively "Yamaha"). Yamaha is one of the leading manufacturers and/or

distributors of recreational products, such as motorcycles, outboard motors, ATVs,

personal watercraft, snowmobiles, boats, outdoor power equipment, and race kart

engines, in the world. YMUS also sells apparel, accessories and parts related to its

vehicles.

9.     Yamaha has rights in the YAMAHA mark and the Crossed Tuning

Fork design mark (collectively the "YAMAHA Marks"), including the following

United States Trademark Registrations: Reg. No. 1,170,106; Reg. No. 2,917,071;

Reg. No. 3,458,173; Reg. No. 1,121,395; Reg. No. 2,910,206; Reg. No. 3,458,174;

Reg. No. 2,017,999; Reg. No. 688,208; and Reg. No. 895,888.

10.     The YAMAHA mark has been in use since at least as early as 1955,

and the Crossed Tuning Fork design has been in use since at least as early as 1968.

Through Yamaha's long and extensive use of the Yamaha Marks, Yamaha has

established strong, nationally recognized trademark rights under federal law and

Pennsylvania state common law.

11.     YMUS has rights to use the Yamaha Marks and distributes products

incorporating the Yamaha Marks. Additionally, YMUS is authorized to manage

3

and maintain the use of the Yamaha Marks by other licensees throughout North America.

12.     On May 28, 2003, Metro Racing entered into a license agreement with Yamaha, which authorized Metro Racing to use the Yamaha Marks on certain apparel for a limited time (the "License Agreement"). The License Agreement expired by its own terms in 2005, with an additional sell-off period which extended after the expiration.

13.     In early 2005, YMUS sent two notifications to Metro Racing, informing it that its license would soon expire.

14.     In or around late 2008, YMUS discovered that Metro Racing was selling apparel and related accessories containing the Yamaha Marks, even though its license to use such marks had expired.

15.     YMUS sent Metro Racing a cease and desist letter on January 13, 2009, advising it that its use of the Yamaha Marks violated Yamaha's rights in those marks, and demanding that Metro Racing cease all such use. Metro Racing failed to respond to the letter or to cease using the Yamaha Marks. YMUS sent two additional cease and desist letters on June 23, 2009 and July 20, 2009, making the same demands. Metro Racing ignored each of these letters, and to this day continues its unlawful use of the Yamaha Marks.

16.     Attached hereto as **Exhibit A** are true and correct copies of screen

4

shots from the "Products" page of the Metro Racing website, located at *www.metroracing.com/products*, as viewed and captured on April 21, 2011.

17.     These screen shots show some of the infringing products that Metro Racing currently offers for sale and that display the Yamaha Marks.

18.     Through the License Agreement, Metro Racing acknowledged that, if it did not cease manufacturing and selling goods with the Yamaha Marks when the license expired, Yamaha would suffer immediate and irreparable harm and would have no adequate remedy at law.

19.     Metro Racing has not been authorized in any way to use the Yamaha Marks since the License Agreement expired by its own terms and the subsequent sell-off period ended.

20.     YMUS and Metro Racing are in the business of providing the same or similar goods to the same class of customers, through the same or similar channels of trade.

21.     Upon information and belief, Metro Racing has used the Yamaha Marks as a false indicator that its products are licensed, sponsored, approved by, or originated from YMUS, with the intent to cause confusion and mistake and to deceive consumers, with the intent to trade upon and profit from the goodwill and substantial customer recognition associated with the Yamaha Marks, and with the intent to divert consumers from YMUS's goods to Metro Racing's goods.

22. Upon information and belief, Metro Racing has done so with knowledge that it was not authorized to use the Yamaha Marks and with knowledge of YMUS's rights in the marks.

23. Thus, Metro Racing has created a likelihood of injury to YMUS's rights and business reputation, has caused a likelihood of confusion as to the source, origin, or relationship of YMUS's and Metro Racing's goods, and has otherwise competed unfairly with YMUS.

24. Metro Racing's acts complained of herein have caused damage and irreparable injury to YMUS in an amount to be determined at trial. Such acts will result in further damage and irreparable injury to YMUS if Metro Racing is not restrained by this Court from further violations of YMUS's rights in the Yamaha Marks, for which YMUS has no remedy at law.

## FIRST CAUSE OF ACTION

**Federal Unfair Competition and False Designation of Origin**

**(LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))**

25. YMUS repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as if fully set forth herein.

26. The Yamaha Marks are valid and legally protectable marks.

27. Metro Racing has created a false designation of origin of its goods by using the Yamaha Marks on its goods in commerce without authorization, thereby

6

causing a likelihood of confusion, mistake, and deception as to the affiliation, connection, or association of Metro Racing with YMUS, or as to the origin, sponsorship, or approval of Metro Racing's goods by YMUS.

28.     Upon information and belief, Metro Racing had actual knowledge of YMUS's rights in the Yamaha Marks and has willfully, intentionally, deliberately, and knowingly infringed the YAMAHA Marks in blatant disregard of YMUS's rights, in violation of 15 U.S.C. § 1125(a).

29.     By its actions, Metro Racing has violated YMUS's rights and injured YMUS in an amount to be determined at trial, and such irreparable injury will continue unless Metro Racing is enjoined by this Court from further violation of YMUS's rights, for which YMUS has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Unfair Competition Under Pennsylvania State Law

30.     YMUS repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31.     The Yamaha Marks are valid and legally protectable marks.

32.     Without authorization, Metro Racing has created a false designation of origin of its goods by using the Yamaha Marks on its goods, thereby causing a likelihood of confusion, mistake, and deception as to the affiliation, connection, or association of Metro Racing with YMUS, or as to the origin, sponsorship, or

7

approval of Metro Racing's goods by YMUS.

33.     Upon information and belief, Metro Racing had actual knowledge of YMUS's rights in the Yamaha Marks and has willfully, intentionally, deliberately, and knowingly infringed the Yamaha Marks in blatant disregard of YMUS's rights, in violation of Pennsylvania state law.

34.     By its actions, Metro Racing has violated YMUS's rights and injured YMUS in an amount to be determined at trial, and such irreparable injury will continue unless Metro Racing is enjoined by this Court, from further violation of YMUS's rights, for which YMUS has no adequate remedy at law.

## JURY DEMAND

YMUS hereby demands a trial by jury of all issues alleged in this Complaint.

## PRAYER

WHEREFORE, Yamaha Motor Corporation, U.S.A. ("YMUS") prays for judgment in its favor with respect to all the causes of action set forth above and that relief be granted as follows:

A.     That Metro Racing, Inc. ("Metro Racing") and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with Metro Racing or its officers, agents, servants, employees, and attorneys, who receive actual notice of the injunction by personal service or

otherwise, be enjoined and restrained preliminarily during the pendency of this

action, and then permanently, from doing the following without YMUS's express

consent:

(1)    using in any manner or approving the use of the YAMAHA

Mark or the Crossed Tuning Forks design mark (the "Yamaha Marks"), or any

other trademark confusingly similar to those marks, in connection with the sale of

any goods;

(2)    doing any act or thing likely to induce the belief that Metro

Racing's business, products, or services in any way originate from, are sponsored

or approved by, or are otherwise connected with YMUS and/or the Yamaha Marks;

(3)    using any trade practices whatsoever, including, but not limited

to, those complained of herein, that tend to compete unfairly with or injure YMUS

and/or the Yamaha Marks; and

(4)    using or approving the use of any name, mark, or design that is

identical to, substantially indistinguishable from, or a colorable imitation or

simulation of any trademark in which YMUS owns rights, including, but not

limited to, the Yamaha Marks.

B.    That Metro Racing be required to:

(1)    deliver to YMUS for destruction all goods and materials that

Metro Racing has in its possession, custody, or control that bear the Yamaha

9

Marks;

(2)    recall and deliver to YMUS for destruction, within five days of the entry of any preliminary or permanent injunction, all previously sold goods and materials that bear the Yamaha Marks and that were sold after Metro Racing's license to use the Yamaha Marks expired;

(3)    pay compensatory damages to YMUS in an amount to be determined at trial for the injuries YMUS has sustained as a direct consequence of the acts complained of herein;

(4)    pay YMUS treble damages pursuant to 15 U.S.C. § 1117 as a consequence of the acts complained of herein, because Metro Racing has acted willfully, with fraud, malice, or oppression, and has acted with conscious disregard of YMUS's rights;

(5)    pay all of YMUS's litigation expenses, including reasonable attorneys' fees and costs of this action, pursuant to 15 U.S.C. § 1117;

(6)    pay prejudgment and postjudgment interest at the highest legal rate on all sums awarded in this Court's judgment; and

(7)    file with this Court and serve on YMUS an affidavit setting forth in detail the manner and form of Metro Racing's compliance with the terms of this Court's injunction, within thirty (30) days after the service on Metro Racing of the preliminary and permanent injunctions prayed for in this Complaint.

10

C.     That YMUS be awarded all such other and further relief as the Court

deems just and proper.


DATE:  April 26, 2011                   Respectfully submitted,


_William J. Conroy, Esquire_

William J. Conroy) Esquire
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C
wconroy@campbell-trial-lawyers.com
690 Lee Road, Suite 300
Wayne, Pennsylvania  19087
610-964-1900
610-964-1981 (facsimile)
Bar ID: PA36433


Jennifer Lantz
State Bar Number:  CA 202252
(application for admission *pro hac vice*)
*jennifer.lantz@haynesboone.com*
HAYNES AND BOONE, L.L.P.
2033 Gateway Place, Suite 300
San Jose, California 95110
Telephone: (408) 660-4120
Telecopier: (408) 660-4121

*ATTORNEYS FOR PLAINTIFF*
*YAMAHA MOTOR CORPORATION, U.S.A.*

11